**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert Vaughn Smith,<br><br>    Plaintiff,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Defendants. | No. CV-18-02657-PHX-MTL (ESW)<br><br>**ORDER** |

Pending before the Court is Plaintiff's "Motion for Leave to File Amended Complaint" (Doc. 79) and lodged Third Amended Complaint. For the reasons set forth herein, the Court will grant Plaintiff's Motion (Doc. 79).

**I. DISCUSSION**

Plaintiff Albert Vaughn Smith is confined in the Arizona State Prison Complex, Eyman--Browning Unit, in Florence, Arizona. In August 2018, Plaintiff filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 alleging unconstitutional conditions of confinement (Count I) and threat to safety (Count II). (Doc. 1). The Court ordered Defendants Shaw, Mooney, Kindig, Kimble, and Ryan to answer Count I and Defendants Padilla, Quintero, Moore, and Rowe to answer Count II. (Doc. 7 at 9). In December 2018, Plaintiff filed a First Amended Complaint (Doc. 15). The Court screened the First Amended Complaint and ordered Defendants Ryan, Kimble, Kindig, Mooney, Moore, Padilla, Quintero, Rowe, and Shaw to file a response to the First Amended Complaint.

(Doc. 35 at 5).

On May 13, 2019, Defendants Ryan, Kimble, Kindig, Mooney, Shaw, Padilla, Quintero, Moore, and Rowe filed their answer to the First Amended Complaint. (Doc. 47). The Court then issued a Scheduling Order, which set July 12, 2019 as the deadline for joining parties and amending pleadings. (Doc. 48 at 4).

On June 28, 2019, Plaintiff moved for leave to file a Second Amended Complaint. (Doc. 58). The Court granted the Motion, screened the Second Amended Complaint pursuant to 28 U.S.C. § 1915A(a), and ordered Defendants Ryan, Kimble, Kindig, Mooney, Moore, Padilla, Quintero, Rowe, Shaw, and Medrano to respond to the Second Amended Complaint. (Doc. 63 at 3). On August 2, 2019, Defendants Ryan, Kimble, Kindig, Mooney, Shaw, Ryan, Kimble, Padilla, Quintero, Moore, and Rowe answered (Doc. 68). Defendant Medrano has not been served.

On September 3, 2019, Plaintiff filed the pending "Motion for Leave to File Amended Complaint" (Doc. 79). Plaintiff explains that on August 29, 2019, Defendant sent him discovery that revealed the identities of two additional Special Security Unit ("SSU") Officers, named T. Reyna and J. Chavez, who Plaintiff asserts should be "labeled as Defendants #11 and #12 in this proceeding and should be placed in all lines and paragraphs that refer to any and all SSU Officers or SSU Security Staff or Defendants 3, 4, 5, 6, 10." (*Id.* at 2). Plaintiff's Motion (Doc. 79) is untimely as the deadline for filing motions to amend expired on July 12, 2019. (Doc. 48 at 4).

Federal Rule of Civil Procedure 15(a)(2) provides that a court should "freely give leave [to amend] when justice so requires." However, the Scheduling Order's July 12, 2019 deadline for amendment of pleadings has passed. Once a district court has filed a Rule 16 scheduling order setting a deadline for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b) and only secondarily by Rule 15(a). A Rule 16 scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Further, an extension of a deadline sought after its expiration requires a showing of "excusable neglect," not merely "good cause." *See* Fed.

R. Civ. P. 6(b)(1)(B). Excusable neglect exists where a party's failure to comply with a deadline was negligent. *See Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009). There are at least four factors in determining whether neglect is excusable: (i) the danger of prejudice to the opposing party; (ii) the length of the delay and its potential impact on the proceedings; (iii) the reason for the delay; and (iv) whether the movant acted in good faith. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The determination of whether neglect is excusable is ultimately an equitable one, taking into account of all relevant circumstances surrounding the party's omission. *See Pioneer*, 507 U.S. at 395. This equitable determination is left to the discretion of the district court. *See Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

Here, Plaintiff's noncompliance with the July 12, 2019 deadline for moving to amend the pleadings resulted from receiving discovery that revealed the identities of additional defendants. Plaintiff states that he received the discovery on August 29, 2019. (Doc. 79 at 1). Plaintiff filed his "Motion for Leave to File Amended Complaint" (Doc. 79) just a few days later, on September 3, 2019. The Court finds that Plaintiff has established good cause for modifying the Scheduling Order to permit him to seek leave to file a Third Amended Complaint. *Valles v. Gen–X Echo B, Inc.*, No. 13–cv–00201–RM–KLM, 2013 WL 5832782, at *12 (D. Colo. Sept. 27, 2013) ("In some cases, a party may learn new information after the amendment of pleadings deadline has passed and, in such an instance, the newly-acquired information satisfies Rule 16's good cause requirement."); *Lewis v. Denver Fire Dep't*, No. 09–cv–00004–PAB–MJW, 2010 WL 3873974, at *7-8 (D. Colo. Sept. 28, 2010) (good cause shown to amend complaint after the scheduling order's deadline where plaintiff first learned of new information through depositions).

The Court also finds that Plaintiff has established excusable neglect for not complying with the July 12, 2019 deadline to move for leave to file the Third Amended Complaint. First, Defendants do not assert, and the Court does not find that allowing Plaintiff to seek leave to file a Third Amended Complaint would significantly prejudice

Defendants. Second, granting Plaintiff leave to file a Third Amended Complaint would not unreasonably delay this case. Discovery is still ongoing and one of the Defendants (Defendant Medrano) has not yet been served. Third, Plaintiff has reasonably explained that the delay in moving to amend was caused by receiving additional information through discovery. Finally, nothing in the record suggests Plaintiff has not acted in good faith during this case. Because Plaintiff has established good cause and excusable neglect for requesting leave to amend after the deadline expired, the Court will determine whether leave should be granted under Rule 15(a).

Federal Rule of Civil Procedure 15(a) provides that "leave [to amend a pleading] shall be freely given when justice so requires." "The power to grant leave to amend . . . is entrusted to the discretion of the district court, which 'determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Serra v. Lappin*, 600 F. 3d 1191, 1200 (9th Cir. 2010) (quoting *William O. Gilley Enters. v. Atl. Richfield Co.*, 588 F.3d 659, 669 n.8 (9th Cir. 2009)). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). A motion for leave to amend should be denied on futility grounds, "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

After reviewing Plaintiff's Motion (Doc. 79), Defendants' Response (Doc. 89), and Plaintiff's Reply (Doc. 91), the Court does not find evidence of bad faith, prejudice to Defendants, or futility with respect to Plaintiff's request to file a Third Amended Complaint. In addition, although the proposed Third Amended Complaint does not comply with Local Rule of Civil Procedure ("LRCiv") 15.1,[1] the Court was able to easily compare the Second Amended Complaint and proposed Third Amended Complaint. The Court

---

[1] LRCiv 15.1 requires an amended pleading to indicate in what respect it differs from the original pleading "by bracketing or striking through the text that was deleted and underlining the text that was added."

- 4 -

therefore will suspend the imposition of LRCiv 15.1 as to the proposed Third Amended Complaint. *See* LRCiv 83.6. The Court will grant Plaintiff's "Motion for Leave to File Amended Complaint" (Doc. 79).[2]

The Court has a continuing obligation to screen civil rights complaints brought by prisoners. 28 U.S.C. § 1915A(a). The Court will order Defendants Ryan, Kimble, Kindig, Mooney, Moore, Padilla, Quintero, Rowe, Shaw, Medrano, Reyna, and Chavez to answer the Third Amended Complaint for the reasons stated in the Court's Orders (Docs. 35, 63) screening the First and Second Amended Complaints.

## II. CONCLUSION

**IT IS ORDERED** granting Plaintiff's "Motion for Leave to File Amended Complaint" (Doc. 79).

**IT IS FURTHER ORDERED** directing the Clerk of Court to file the lodged Third Amended Complaint.

**IT IS FURTHER ORDERED** requiring Defendants Ryan, Kimble, Kindig, Mooney, Moore, Padilla, Quintero, Rowe, Shaw, Medrano, Reyna, and Chavez to respond to the Third Amended Complaint.

**IT IS FURTHER ORDERED** directing the Clerk of Court to send Plaintiff service packets for Defendants Reyna and Chavez. Plaintiff must complete and return the service packets to the Clerk of Court within **fourteen days** of the filing of this Order. The United States Marshals Service ("USMS") will not provide service of process if Plaintiff fails to comply with this Order.

**IT IS FURTHER ORDERED** directing the USMS to serve the Third Amended

---

[2] *U.S. Dominator, Inc.*, 768 F.2d at 1102 n.1 ("Contrary to the defendants' assertions, Dominator's motion for leave to amend its complaint was properly treated as a nondispositive motion."); *Seto v. Thielen*, 519 F. App'x 966, 969 (9th Cir. 2013) ("A motion for leave to amend is a nondispositive motion which a magistrate judge may properly decide."); *Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 660 (7th Cir. 1998) ("The magistrate judge was authorized to rule on the motion for leave to file the Third Amended Complaint pursuant to 28 U.S.C. § 636(b)(1)(A), which provides that the district court may designate a magistrate judge to hear and determine . . . any nondispositive pretrial matter."); *Morgal v. Maricopa County Bd. of Sup'rs*, 284 F.R.D. 452, 458 (D. Ariz. 2012) ("Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1).") (citation and internal quotation marks omitted).

Complaint on Defendants Reyna and Chavez in accordance with the Court's November 30, 2018 Order (Doc. 7).

**IT IS FURTHER ORDERED** that if Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Third Amended Complaint on Defendants Reyna and Chavez within **sixty days** of the filing of this Order, the claims against Defendants Reyna and Chavez may be dismissed. *See* Fed. R. Civ. P. 4(m).

Dated this 7th day of November, 2019.

Eileen S. Willett
United States Magistrate Judge