WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert Vaughn Smith,<br><br>Plaintiff,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>Defendants. | No. CV-18-02657-PHX-SPL (ESW)<br><br>**ORDER** |

Pending before the Court is Plaintiff's "Request for Discovery Conference" (Doc. 99). Plaintiff requests a discovery conference to address Defendants' objections to an number of his Requests for Production of Documents. Defendants have filed a Response (Doc. 108), to which Plaintiff has replied (Doc. 114).

A party may request that the opposing party produce records "in the responding party's possession, custody, or control," Fed. R. Civ. P. 34(a)(1), by "describ[ing] with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). Requests for production are limited to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). To determine what discovery is "proportional," the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

1 | discovery outweighs its likely benefit." *Id.* The Court has broad discretion in deciding whether to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Based on the parties' briefing, the Court finds it unnecessary to hold a discovery conference. The Court sustains Defendants' objections to Plaintiff's discovery requests that are set forth in Defendants' Response (Doc. 108). Accordingly,

**IT IS ORDERED** denying Plaintiff's "Request for a Discovery Conference" (Doc. 99).

Dated this 13th day of December, 2019.

_____
Honorable Eileen S. Willett
United States Magistrate Judge